**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Cleola L. Earley,** | : | |
| | : | **Case No. 2:19-cv-53** |
| **Plaintiff,** | : | |
| | : | **Chief Judge Algenon L. Marbley** |
| **v.** | : | |
| | : | **Magistrate Judge Chelsey M Vascura** |
| **COMMISSIONER OF** | : | |
| **SOCIAL SECURITY,** | : | |
| | : | |
| **Defendant.** | | |

## OPINION & ORDER

This matter comes before the Court on the Magistrate Judge's October 18, 2019, **Report and Recommendation** (ECF No. 19), which recommended that Plaintiff's Statement of Errors (ECF No. 13) be **OVERRULED** and that the Commissioner's decision be **AFFIRMED**. Plaintiff filed an Objection to this Report and Recommendation pursuant to Fed.R.Civ.P. 72(b). (ECF No. 20). This Court hereby **ADOPTS** the Report and Recommendation in its entirety based on an independent consideration of the analysis therein.

## I. BACKGROUND

Plaintiff, Cleola L. Earley, filed an application for Social Security disability benefits on June 26, 2015, alleging that she has been disabled since December 16, 2001. (ECF No. 8-2 at 14). Plaintiff's application was denied initially and again upon reconsideration. *Id.* Plaintiff, represented by counsel, appeared and testified before Administrative Law Judge ("ALJ") Renita Bivins at a hearing on March 29, 2018. *Id*. During the hearing, Plaintiff amended her disability onset date to June 26, 2015. *Id.* On July 5, 2018, ALJ Bivins found Plaintiff was not "disabled" within the meaning of the Social Security Act. *Id.* at 14-27. On November 6, 2018, the Appeals Council denied Plaintiff's request for review and accepted the ALJ's decision as the

Commissioner's final decision. (*Id.* at 2-5) Plaintiff timely filed an action for review. (ECF Nos. 1, 3).

Plaintiff argues that reversal of the ALJ's decision is warranted on the grounds that "[t]he ALJ's mental residual functional capacity is not supported by substantial evidence." (ECF No. 13). Plaintiff asserts that the ALJ erred by failing to consider adequately the opinions of James Spindler, M.S., an examining psychologist, and two state-agency reviewing psychologists, Karla Voyten, Ph.D., and Jaime Lai, Psy.D. *Id.* The Commissioner's Memorandum in Opposition argues that the medical opinions and limitations were considered by the ALJ in formulating the Plaintiff's residual functional capacity ("RFC"). (ECF No. 18).

Following the required five-step sequential analysis,[1] On July 5, 2018, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (ECF 8-2, at 14-27). At step one, the ALJ noted that Plaintiff had not engaged in substantial gainful activity since the alleged disability started on June 26, 2015. *Id.* at 15-19. At step two, the

---

[1] Although a dispositive finding at any step terminates the ALJ's review, see *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the five step sequential steps are as follows:

> (i)   At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii)  At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medial severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 subpart P of part 404 of this chapter and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv)  At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v)   At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . .

20 C.F.R. § 404.1520(a)(4).

ALJ found that Plaintiff had the severe impairments of fibromyalgia, degenerative disc disease, affective disorder, anxiety disorder, and obsessive-compulsive disorder. *Id*. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. In the fourth step, the ALJ set forth Plaintiff's RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she can climb ramps and stairs occasionally but never climb ladders, ropes, or scaffolds. She can frequently balance, occasionally stoop, kneel, crouch, and crawl. She can perform occasional overhead reaching bilaterally and frequent handling with left extremity. She must avoid all exposure to unprotected heights. The claimant can understand, remember, and carry out simple and detailed instructions to complete routine, repetitive tasks. She is able to maintain concentration and attention for two hour intervals in 8-hour workday. She is able to ask simple questions or request assistance and able to adapt to infrequent changes in work processes and environment. She is able to engage in occasional superficial interaction with the public and coworkers. She can engage in occasional interaction with supervisors for no more than one third of the workday with less than occasional interaction by the supervisor to ensure work standards/quality is maintained. The claimant would be working with things rather than people. Due to medical conditions, symptoms and pain the claimant would be off task 8% of the work period.

*Id*. Finally, the ALJ took into consideration VE's hearing testimony to determine that Plaintiff is not disabled under the Social Security Act because she is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. *Id*. at 26-27.

On October 4, 2019, the Magistrate Judge issued a Report and Recommendation recommending that this Court overrule Plaintiff's Statement of Errors and affirm the decision of the Commissioner of Social Security. (ECF. No 19). Plaintiff objects to the Magistrate Judge's report and recommendation, arguing that the ALJ was wrong to omit from the RFC several limitations that were included in the opinions of Mr. Spindler, Dr. Voyten, and Dr. Lia. (ECF No. 20). Plaintiff argues that the ALJ erred by not explaining why she did not include limitations

attested to by those treating sources, even though she determined their opinions were "largely

consistent" with the record. *Id.*

## II.    STANDARD OF REVIEW

Upon objection to a Magistrate Judge's report and recommendation, this Court must

"make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b).

This de novo review, in turn, requires the Court to "determine whether the record as a whole

contains substantial evidence to support the ALJ's decision" and to "determine whether the ALJ

applied the correct legal criteria."  *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013).

Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate

to support a conclusion."  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010)

(quotation omitted).  Substantial evidence constitutes "more than a mere scintilla, but only so

much as would be required to prevent judgment as a matter of law against the Commissioner if

this case were being tried to a jury."  *Inman*, 920 F. Supp. 2d at 863 (citing *Foster v. Bowen*,

853 F.2d 483, 486 (6th Cir. 1988)).

## III.    LAW AND ANALYSIS

Plaintiff takes issue with the ALJ's "unexplained decision to omit several opined

restrictions" from the RFC that were attested to by mental health professionals who had offered

opinions about her mental state.  (ECF No. 13). In the report and recommendation, Judge

Vascura disagreed with Plaintiff's contention that the ALJ failed to consider adequately the

mental health opinions in formulating Plaintiff's RFC. (ECF No. 19). Plaintiff objects to the

Magistrate Judge's conclusion, asserting that the ALJ's decision is not supported by substantial

evidence because the ALJ failed to offer an appropriate explanation for why some of the

limitations articulated by the professionals that examined Ms. Earley were not included in her RFC even though the ALJ assigned those opinions "some" weight. (ECF No. 20 at 3).

The determination of a claimant's residual functional capacity is "expressly reserved for the Commissioner." *Ford v. Comm'r of Soc. Sec.*, 114 F. App'x 194, 198 (6th Cir. 2004) (citing 20 C.F.R. §§ 404.1527(e)(2), 404.1546). ALJs must consider all medical opinions that they receive in evaluating a claimant's case. 20 C.F.R. § 404.1527(c). A distinction is made, however, between how an ALJ must treat opinions rendered by "treating sources" versus "consultative" sources. *Helm v. Comm'r of Soc. Sec. Admin.*, 405 F. App'x 997, 1001 (6th Cir. 2011). A treating source is one who has "dealt with a claimant and his maladies over a long period of time" and who has "deeper insight into the medical condition of the claimant than . . . a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Id.* A medical source whose relationship to the claimant is based solely on the claimant's "need to obtain a report in support of [a] claim for disability does not constitute a treating source." *Staymate v. Comm'r of Soc. Sec.*, 681 F. App'x 462, 467 (6th Cir. 2017) (citing 20 C.F.R. § 416.902) (internal quotation marks ommitted).

Because a treating source's opinion is entitled "controlling weight" if supported by substantial evidence, an ALJ must give "good reasons" when giving a treating source's opinion less than controlling weight. *Morr v. Comm'r of Soc. Sec.*, 616 Fed.Appx. 210, 211 (6th Cir. 2015). An ALJ is permitted, however, to "give less weight to [a] consultative examiner's opinion" *Staymate v. Comm'r of Soc. Sec.*, 681 F. App'x 462, 467 (6th Cir. 2017) (noting that a one-time meeting with a psychological consultative examiner does not "create the on-going treatment relationship necessary to apply the treating source rule"). Greater weight is assigned to the opinion of a consultative source if that source has examined the claimant. *Id*. at 467.

Additionally, "an ALJ's decision to give weight to medical opinion evidence does not require the ALJ to incorporate every restriction proposed by the medical source." *Price v. Comm'r of Soc. Sec.*, No. 2:18-CV-128, 2019 WL 396415, at *2 (S.D. Ohio Jan. 31, 2019).

The medical opinions submitted by Plaintiff were not treating source opinions, but rather, opinions of consultative sources. Plaintiff did not submit medical opinions from any treating sources, only treatment records from her ongoing treatment provider at Neurobehavioral Medicine Consultants. (ECF No. 8-2 at 14-27). Plaintiff submitted the testimony of one examining psychologist (James N. Spindler, M.S.) and two non-examining psychologists (Karla Voyten, Ph.D., and Jaime Lai, Psy.D.). *Id*. The ALJ referenced the opinions of Dr. Voyten and Dr. Lai and assigned them "some weight" because they were "non-examining" sources. *Id.* at 24. She assigned Mr. Spindler's opinion "some weight" because it "was based on a one-time examination in non-treating context." *Id.*

In addition to considering the testimony of Plaintiff's consultative sources, the ALJ also considered and thoroughly discussed treatment records from Neurobehavioral Medicine Consultants, Plaintiff's activities of daily living, and her observations of the Plaintiff at the hearing in formulating Plaintiff's mental RFC. *Id*. The ALJ did accord the opinions of the consultative sources "some weight." Even if an ALJ accords "great weight" to an opinion, however, there is no requirement that the ALJ adopt the opinion or the limitations expressed within verbatim. *Price*, 2019 WL 396415 at *2 (S.D. Ohio Jan. 31, 2019) (quoting *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015)). Here, the ALJ provided a reasonable explanation for refusing to incorporate the more severe mental restrictions from Plaintiff's consultative sources. The ALJ's reason for refusing to adopt the more restrictive limitations was due to treatment notes from Plaintiff's treating mental health provider noting that

Plaintiff was experiencing significant stress from her environment and was not "medication or treatment compliant." (ECF No. 8-2 at 22-23).

The ALJ's refusal to incorporate all the limitations included in the examining sources' opinions is also justified because many of the limitations that Plaintiff thought should be incorporated were speculative and not definitive limitations. An ALJ commits no error by disregarding speculative or ambiguous limitations that do not definitively mandate that a claimant cannot perform a specific task or operate in a particular manner. *See Slivka v. Berryhill*, No. 1:17-CV-01076, 2018 WL 3340388, at \*9 (N.D. Ohio May 29, 2018), *report and recommendation adopted*, No. 1:17-CV-1076, 2018 WL 3336461 (N.D. Ohio July 5, 2018) (determining that ALJ committed no reversible error by omitting "equivocal statement" that was only a "possible" limitation and not a "mandated" limitation); *Simmons v. Colvin*, No. 1:12-CV-2550, 2014 WL 977756, at \*12 (N.D. Ohio Mar. 12, 2014) (noting that ALJ was not required to incorporate the limitation that claimant "would benefit from relatively close supervision" since that limitation was "not definitive that Plaintiff required close supervision.").

The opinion of Mr. Spindler that "it *seems unlikely* that Ms. Earley *would be willing* to tolerate even the routine stressors of competitive employment" and that "her current mental problems *will make it difficult* for her to sustain a working pace and to maintain a level of attention and concentration that would be required for *most* job settings" can reasonably be considered too speculative to constitute a definitive functional limitation. (ECF No. 8-2 at 24); s*ee Mosley v. Berryhill*, No. 1:13-0055, 2017 WL 1153896, at \*10 (M.D. Tenn. Mar. 28, 2017) (an assessment of "difficulty" with an activity "does not constitute a definitive functional limitation that the ALJ was required to incorporate into the RFC").  Dr. Voyten's, and Dr. Lai's opinions are similarly equivocal since they merely note that Plaintiff "may require occasional

redirection." Given the specificity of the ALJ's findings, the ALJ committed no error in formulating the RFC to include some but not all of the limitations suggested by Plaintiff's consultative sources. Accordingly, the ALJ's decision was supported by substantial evidence in the record.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**. The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation.  This case is hereby **DISMISSED**.

**IT IS SO ORDERED.**


           **s/ Algenon L. Marbley**
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**


**DATED:  March 6, 2020**